```
              UNITED STATES DISTRICT COURT
                DISTRICT OF NEW HAMPSHIRE


Susan E. Miller

     v.                           Civil No. 10-cv-607-JL
                                  Opinion No. 2011 DNH 119
Christopher Olie and
Wendy Olinsky
```

**SUMMARY ORDER**

The question in this case is whether an insurance company's president and outside counsel violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA" or "the Act"), through conduct related to collecting a small claims judgment rendered against an uninsured motorist. Both defendants move to dismiss, see Fed. R. Civ. P. 12(b)(6), arguing that the judgment in question was not a "debt" as defined by the Act. The insurance company's president further argues that he is not a "debt collector" as defined by the Act. This court has subject-matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 15 U.S.C. § 1692k(d) (FDCPA).

After hearing oral argument, the court grants the motions to dismiss. The Act applies, in relevant part, only to a "debt collector" collecting a "debt." The insurance company's president was not a "debt collector" because the primary purpose of his business is not, and is not alleged to be, collecting debts, and he is not alleged to have been collecting a debt for a

third party.  Moreover, neither the car accident nor Miller's judgment-based obligation to pay damages constitute a "debt" under the Act, as neither arose from a consensual transaction for consumer-related goods.

## I.   **Applicable legal standard**

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff's complaint must make factual allegations sufficient to "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1940 (2009).  In deciding such a motion, the court must accept as true "all well-pleaded facts delineated in the complaint" and must draw "all reasonable inferences therefrom in favor of the party contesting dismissal."  Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co., 547 F.3d 48, 51 (1st Cir. 2008).  The following background summary is based on the allegations set forth in the complaint, consistent with the above approach.

## II.  Background

While driving her uninsured vehicle, Miller struck another car from the rear.  Plymouth Rock Assurance Company insured the driver of the other vehicle.  Over the next few months, Miller made several requests to Plymouth Rock and its adjuster for a bill for the damages.  Miller received no bill.

Miller alleges that after the accident, Christopher Olie, the president of Plymouth Rock, and Wendy Olinsky, its counsel, filed a small claims complaint against Miller to recover damages in its capacity as subrogee for the other driver.  After a judgment was entered for Plymouth Rock, Olinsky handed Miller a computer-generated appraisal for damages.

Olinsky petitioned the New Hampshire Registry of Motor Vehicles to suspend Miller's motor vehicle registration and driving privileges based on Miller's failure to pay the small claims judgment.  The Registry suspended Miller's license.  See N.H. Rev. Stat. Ann. § 264:3, VII (2004)).  Olinsky threatened to seek permanent suspension of her license unless she signed a payment agreement for the judgment.  Miller alleges that she had little choice but to comply with Olinsky's demands, so she signed the agreement.

Miller brought this action against Olie and Olinsky asserting various violations of the FDCPA and seeking both

monetary and injunctive relief.  Her complaint alleges, specifically, that Olie and Olinsky failed to provide proper notice of the debt,[1] that they impermissibly communicated with a third party (the Registry of Motor Vehicles),[2] that they harassed her in attempting to collect the debt,[3] that they made false and misleading representations,[4] and that they used unfair practices,[5] all in violation of the Act.  Each of her claims requires proof of an improper action by a "debt collector" and the existence of a "debt," as those terms are defined by the Act.

---

[1] The Act requires that the initial communication between the consumer and a debt collector contain the amount of the debt. 15 U.S.C. § 1692g(a)(1) (1997).  The Act also requires that the initial communication contain a statement giving the consumer notice of her ability to dispute the validity of the debt.  Id. § 1692g(a)(3).  The Act prohibits pleadings in a civil action from being treated as an initial communication.  Id. § 1692g(d).

[2] The Act prohibits debt collectors from communicating with any person other than the consumer, his attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector in connection with the collection of a debt in certain circumstances.  Id. § 1692c(b).

[3] The Act prohibits a debt collector from harassing a debtor in connection with collecting any debt.  Id. § 1692d.

[4] The Act prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with collecting any debt.  Id. § 1692e.

[5] The Act prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect any debt. Id. § 1692f.

### III. Analysis

#### A.  "Debt collector"

The first issue raised by the defendants' motions is whether Olie, the insurance company's president, acted as a "debt collector" as defined by the Act while engaged in the conduct alleged in the complaint.  The Act defines "debt collector" as "any person who uses any instrumentality of interstate commerce . . . in any business the principal purpose of which is collection of any debts" or any person "who regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6)(1997).  "Creditors who collect in their own name and whose principal business is not debt collection . . . are not subject to the Act."  Aubert v. Am. Gen. Fin., Inc., 137 F.3d 976, 978 (7th Cir. 1998).

Olie's (and Plymouth Rock's) principal business is the sale and provision of insurance, not the collection of debts, and the complaint contains no allegation that his business is debt collection.  See, e.g., Vasquez v. Allstate Ins. Co., 937 F. Supp. 773, 775 (N.D. Ill. 1996).  ("[C]ollection of debts is surely not 'the principal purpose' of [an insurance company's] business.").  Also, he and the company do not, and are not alleged by the plaintiff to, regularly collect debts on behalf of others.  So he was not acting, and is not alleged to have acted,

as a "debt collector" as defined by the Act.  See Albert v. Ill. Farmers Ins. Co., No. 06-1250, 2007 WL 2122145, at *1 (D. Minn. July 19, 2007) (ruling that insurance companies were not debt collectors); Griffin v. Humana Wis. Health Org., No. 98-C-0001, 2000 WL 35572299, at *6 (E.D. Wis. June 26, 2000) ("FDCPA is aimed at debt collection agencies . . . whose principal business is debt collection, and not at insurance companies."); Vasquez, 937 F. Supp. at 775.

Neither Miller's complaint nor her objection to Olie's motion to dismiss allege that Olie's principal business is the collection of debts or that he regularly collects debts on behalf of others.  To the contrary, in her objection to defendants' motions to dismiss, she recognizes that Olie "sells insurance and therefore must collect debts in some form,"[6] suggesting that debt collection is secondary to Olie's principal business.  Further, she admits that Olie "may or may not be in the business of collecting a debt."[7]  Since Miller does not allege that Olie is a

---

[6]Document no. 16-1.

[7]Id.

"debt collector" as defined by the Act, Olie's motion to dismiss for failure to state a claim is granted.[8]

**B. "Debt"**

The other issue the defendants' motions raise is whether Miller's payment obligation arising from the car accident is a "debt" as defined by the Act. The Act defines a "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5). That definition has been construed to "limit[] [the Act's] reach to those obligations to pay arising from consensual transactions, where parties negotiate or contract for consumer-related goods or services." Bass v. Stopler, 111 F.3d 1322, 1326 (7th Cir. 1997). See also Staub v. Harris, 626 F.2d 275, 278 (3d Cir. 1980) ("at a minimum, the statute contemplates that the debt has arisen as a result of the

---

[8]Olie also argues that he is excluded from the definition of "debt collector" under 15 U.S.C. § 1692a(6)(F)(iii) because the debt was not in default at the time it was obtained by him. The court needs not reach this exception because Olie does not fit the initial definition of "debt collector."

rendition of a service or purchase of property or other item of value").

Neither the car accident nor the small-claims judgment was a "transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." Accordingly, Miller's payment obligation was not a "debt" as defined by the Act. See, e.g., Williams v. Allocated Bus. Mgmt., LLC, No. 10-C-1711, 2010 WL 2330371, at *2 (N.D. Ill. June 8, 2010) ("That a car accident --or more generally, a tort--is not a . . . consumer transaction seems an obvious and unassailable conclusion, and all circuits to have squarely faced the question agree."); Fleming v. Pickard, 581 F.3d 922,925 (9th Cir. 2009) (no "debt" involved where a defendant attempts to collect a state-court judgment for damages resulting from an auto accident); Zimmerman v. HBO Affiliate Grp., 834 F.2d 1163, 1168 (3d. Cir. 1987); see also, Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1371 (11th Cir. 1998) ("In conducting herself in an allegedly negligent manner that precipitated an accident, [plaintiff] engaged in no consumer transaction" and "cannot somehow transform this payment obligation arising out of an accident into a consumer transaction."); Bass, 111 F.3d at 1326; Hawthorne, 140 F.3d at 1371; Antoine v. State Farm Mut. Auto. Ins. Co., 662 F. Supp. 2d

8

1318, 1326-27 (M.D. Fla. 2009) (where the "judgment . . . results from a tort, a motor vehicle accident," it "does not result from a transaction" and thus is not a debt under the Act).

## IV.  Conclusion

For the reasons set forth above, the defendants' motions to dismiss for failure to state a claim[9] are GRANTED. The clerk shall enter judgment accordingly and close the case.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  July 27, 2011

cc:  Susan E. Miller, pro se
     Donald C. Crandlemire, Esq.
     Wendy Olinsky, pro se

---

[9] Document nos. 12 and 15.